## AMERICAN HAY CO. v. BATH & H. R. CO.

(Supreme Court, Appellate Term. December 17, 1903.)

1. CARRIERS—CONNECTING—BILL OF LADING—LIABILITY

An initial carrier issuing a bill of lading stipulating for the carriage of goods to their destination if on its road, otherwise to deliver the same to another carrier on the route to said destination, and providing that no carrier shall be liable for loss not occurring on its own road, nor after the property is ready for delivery to the next carrier or consignee, is not liable for the failure of the connecting carrier to deliver the goods.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the American Hay Company against the Bath & Hammondsport Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Welton C. Percy, for appellant.
Case & Newkirk (L. & Barton Case, of counsel), for respondent.

BLANCHARD, J. This action is brought to recover the sum of $100 paid by the plaintiff to take up a bill of lading issued by the defendant, and consigning to the plaintiff a car load of hay. The hay was received by the defendant at Hammondsport for shipment to the plaintiff at Jersey City, over the defendant's line as far as its terminus

¶ 1. See Carriers, vol. 9, Cent. Dig. § 822.

at Bath; thence over the Erie Railroad, a connecting line, to Jersey City. The hay was delivered by the defendant at Bath to the Erie Railroad, and while the hay was in transit over the Erie Railroad it was taken from its possession, and delivered to one Freeman, under a judgment in his favor in an action of replevin.

The liability of the defendant depends upon the terms of the bill of lading, which, in so far as they are material to the issues here, are as follows:

"Received from A. Jackson (the consignor) by the Bath and Hammondsport Railroad Co., the property described below * * * consigned and destined as indicated below, which said company agrees to carry to the said destination, if on its road, otherwise to deliver to another carrier on the route to said destination.

"It is mutually agreed, as to each carrier and as to each party interested in said property, that every service to be performed hereunder shall be subject to all conditions whether printed or written herein or endorsed hereon, and which are hereby agreed to by the shipper and by him accepted for himself and his assigns as just and reasonable:

"Consignees and Destination.

"To order A. Jackson.
"Notify Am. Hay Co., Long Dock, J. C.
"Via Bath, N. Y. and Erie R. R.
"Articles—Baled Hay.

"No carrier shall be liable for loss or damages not occurring on its own road, or its portion of the through route, nor after said property is ready for delivery to the next carrier or consignee.

"The amount of loss or damage for which any carrier becomes liable shall be computed at the value of the property at the place and time of shipment."

This bill of lading was delivered by the defendant to the shipper Jackson, and was accepted by him, and then by him transferred to the plaintiff. Under the terms of this bill of lading the defendant is not liable. It was in no way responsible for the failure of the Erie Railroad, the connecting line, to deliver the hay. Robinson v. N. Y. & Texas Steamship Co., 63 App. Div. 211, 71 N. Y. Supp. 424.

The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.